# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DAVID KENT THACKER, JR.,** | § | |
| **TDCJ No. 01990675,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil No.  SA-20-CA-0201-JKP** |
| | § | |
| **BOBBY LUMPKIN,[1] Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner David Kent Thacker, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 12), and Petitioner's Advisory (ECF No. 15).  In his petition, Petitioner challenges the constitutionality of his 2015 state court  conviction for driving while intoxicated, arguing that the state appellate court abused its discretion on direct appeal and that he received ineffective assistance from both his trial and appellate counsel.  Petitioner's Advisory appears to challenge the results of two disciplinary cases he received as a result of not showing up for a work assignment.

Having carefully considered the record and pleadings submitted by both parties, the Court finds that Petitioner's federal habeas petition is barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  The Court also finds that Petitioner failed to exhaust his administrative remedies regarding the disciplinary proceedings

---

[1]       The previous named Respondent in this action was Lorie Davis.  On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

challenged in his Advisory.   Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  Background

In January 2015, Petitioner was convicted by a Comal County jury of driving while intoxicated (enhanced as habitual) and sentenced to life imprisonment.  *State v. Thacker, Jr.*, No. CR2013-096 (207th Dist. Ct., Comal Cnty., Tex. Jan. 28, 2015) (ECF No. 17-8 at 4-7).  The Texas Third Court of Appeals affirmed his conviction and sentence on direct appeal.  *Thacker, Jr. v. State*, No. 03-15-00079-CR (Tex. App.—Austin, Nov. 6, 2015, pet. ref'd); (ECF No. 16-3). The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review (PDR) on April 6, 2016.  *Thacker, Jr. v. State*, No. 1493-15 (Tex. Crim. App.); (ECF No. 17-5).

On May 12, 2017, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the TCCA eventually denied the application without written order on September 27, 2017.  *Ex parte Thacker, Jr.*, No. 87,106-01 (Tex. Crim. App.); (ECF Nos. 18-1, 18-7 at 22).  Petitioner then waited until February 11, 2020, to initiate the instant federal habeas corpus proceedings.[2]  (ECF No. 1 at 10).

## II.      Petitioner's Advisory

In his Advisory filed June 19, 2020 (ECF No. 15), Petitioner appears to challenge the results of two disciplinary proceedings he received stemming from his failure to show up for his work assignments.  Petitioner states that he seeks to have the cases removed through informal dispute resolution with the Court as opposed to filing a grievance or habeas petition.  Because he has not properly exhausted these claims through TDCJ's inmate grievance procedure, however,

---

[2]      Although Petitioner signed and dated the instant federal petition on February 8, 2020, the petition is deemed filed on February 11, 2020, the date that he certified he placed the petition in the prison mailing system.  *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that the pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities).

Petitioner's request will be dismissed without prejudice for failure to exhaust his administrative remedies.

Under 28 U.S.C. § 2254(b)(1)(A), habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." When challenging disciplinary decisions, state prisoners must exhaust the TDCJ's internal grievance procedure. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) (outlining the two-step grievance procedure). Thus, under the exhaustion doctrine, a federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies, including any appeal. *See Rourke v. Thompson*, 11 F.3d 47, 49, n. 6 (5th Cir. 1993) (noting that state prisoner must exhaust administrative remedies before filing federal habeas action); *Gartrell v. Gaylor*, 981 F.2d 254, 258, n. 3 (5th Cir. 1993) (per curiam) (state prisoners challenging denial of good time credits must exhaust administrative remedies before seeking federal habeas relief).

Here, Petitioner admits he has not yet sought relief through TDCJ's internal grievance procedure. He also has made no attempt to show any exception to the exhaustion requirement applies. *See Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine). Because Petitioner has not exhausted his administrative remedies with regard to his disciplinary proceedings, dismissal of the allegations raised in his Advisory is warranted.

### III.  Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court.  The limitation period shall run from the latest of—

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final July 5, 2016, ninety days after the TCCA refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on July 5, 2017.  Because Petitioner did not file his § 2254 petition until February 11, 2020—over two-and-a-half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A.    <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed

4

previously, Petitioner challenged the instant conviction in a state habeas application signed May 12, 2017, which was later denied by the TCCA on September 27, 2017.   Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 138 days, making his federal petition due on November 20, 2017.[3]   Again, Petitioner did not file his § 2254 petition until February 11, 2020, still well over two years too late.

**B.**   **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.   The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."   *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case.   In his petition, Petitioner argues in a single sentence that equitable tolling is warranted because he was sent to a psychiatric unit of TDCJ and "has been medicated [his] entire incarceration."   Petitioner appears to argue that he has been mentally incapacitated by his alleged medication, but "[a]bsent evidence in the record," this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else

---

[3]       While Petitioner is entitled to statutory tolling for the time his state habeas application was pending, his previous federal habeas petition filed in *Thacker, Jr. v. Davis*, No. 1:16-cv-880-LY (W.D. Tex), which was dismissed without prejudice and without an adjudication of the claims raised therein, does not afford Petitioner the same courtesy.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas review is not an "application for State post-conviction or other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2)).

contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).  Petitioner's single, conclusory sentence is not enough to establish that equitable tolling should apply.

Furthermore, a claim of mental incapacity like Petitioner's may support equitable tolling only if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999).  Thus, to qualify for equitable tolling, a prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner.  *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when a prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights).  Petitioner's bid for equitable tolling falters because he does not even attempt to make this showing.

Finally, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Although Petitioner's PDR was denied April 6, 2016, he did not execute his state habeas corpus application until May 12, 2017, over a full year later.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where, *inter alia*, the petitioner had waited seven months to file his state application); *see also North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").  Petitioner fails to establish that his claims could not have been discovered and presented earlier.  Moreover, he also fails to explain why he waited almost two-and-a-half years after the TCCA denied his state application before filing the instant petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## IV. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id.*  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  The Court also concludes that dismissal of Petitioner's claims concerning his disciplinary proceedings (ECF No. 15) is warranted so that he may properly pursue his administrative remedies.  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner David Kent Thacker, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. The disciplinary challenges raised in Petitioner's Advisory filed June 19, 2020 (ECF No. 15) are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions are **DENIED** and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 31st day of August, 2020.

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**